BIERCE v. STATE NAT. BANK OF MEMPHIS, TENN.

No. 2217, Okla. T.   Opinion Filed November 9, 1909.

(105 Pac. 195.)

**PRINCIPAL AND AGENT—Undisclosed Principal—Liability of Agent— National Banks—Cross-Complaint.** In an action brought by a nonresident national bank to recover judgment upon a negotiable promissory note, transferred to it in due course, the defendant responded by answer averring that plaintiff was not the owner of the note in suit and not the real party in interest, and by a cross-petition setting up a transaction between himself and the original payee of the note, in which he averred that the payee was indebted to him largely in excess of the amount due upon the note, and that the plaintiff bringing the action on the note was the agent of the payee, its undisclosed principal, and hence was liable for the full amount due from the payee to the defendant. To this cross-petition a demurrer was filed, which was sustained by the trial court.  Held not error.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell, Judge.*

Action by the State National Bank of Memphis, Tennessee, against W. W. Bierce.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Flynn & Ames,* for plaintiff in error.
*Harris & Wilson,* for defendant in error.

DUNN, J.   This action was begun in the district court of Oklahoma county by the defendant in error, as plaintiff, on the 2d day of April, 1906, filing its petition, in which it asked judgment upon a certain promissory note given by plaintiff in error, W. W. Bierce,

to James K. Porter, in the sum of $4,333.34, on March 2, 1901, at Memphis, Tenn., and due 5 years after date. The said note, prior to maturity and for value, was indorsed by the said Porter to the plaintiff, and, the same not having been met at its maturity, this action was brought.

To the petition the defendant filed an answer and cross-petition. The answer admits the making, execution, and delivery of the note, but denies that the plaintiff was at the time of the commencement of the action the owner or legal holder thereof, or that it had been at any time since the commencement of the action such owner or holder, and hence that it was not the real party in interest and entitled to maintain the action. It was further averred that, during all of the time the said note was held by plaintiff, the original payee, James K. Porter, was the indorser, and liable thereon, and also director in plaintiff bank, and that on the maturity of the said note it was paid in full by the said defendant, Porter, and upon such payment was delivered to him, and that he has ever since been the legal owner and holder thereof, and that the plaintiff has no interest in the cause of action sought to be pleaded, and is not entitled to maintain this action. Defendant further averred that he had a complete and valid defense and offset to said note as against the said Porter, which defense was more fully set up and described in the cross-petition.

The cross-petition set up in detail the transaction which the defendant alleges took place between himself and said Porter two years subsequent to the date of making execution and delivery of the note in suit, in which it is alleged that by misrepresentation and deceit Porter induced Bierce to part with certain property and money amounting to a sum in excess of $31,000, which the defendant avers Porter owes him; that, upon the maturity of the note here in suit James K. Porter, as indorser, paid the amount due thereon to the bank, which delivered the same to Porter, and the note thereupon became the property of Porter and subject to any offset or defense which defendant might make against him; that the defendant refused to pay the amount due on said note to said

Porter and informed the plaintiff of the offset which he claimed against said note in the hands of said Porter; that thereupon the plaintiff and the said Porter entered into a collusive agreement, in which it was agreed that this action be brought on the note in the name of the bank in order that the said Porter might avoid subjecting himself to the jurisdiction of this court, and to the liability to respond in damages to this defendant on account of the transaction above mentioned; and that the bank in this proceeding is acting as the undisclosed agent of Porter, and hence is liable to the defendant for damages alleged to be due him from Porter.

To the cross-petition counsel for plaintiff filed a general demurrer, which was by the court sustained, and to reverse this ruling the cause was taken on error to the Supreme Court of the Territory of Oklahoma, where it was pending at the time of the admission of Oklahoma as a state and is now before us for determination by virtue of the terms of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267) and schedule to the Constitution.

The proposition insisted on by counsel for plaintiff in error is certainly a novel one, upon which counsel for both parties readily concede they have been unable to find any authority in point, and the brief of neither of them contains any citation to case or text on the subject; and we will say that our investigation for precedent has resulted no better. Counsel for plaintiff in error invoke the rule that, where an agent acts in his own name without disclosing his principal, the other party to the contract can either hold 'the undisclosed principal or the agent himself, and that, where such an agent is guilty of fraud, he is liable personally for the fraud. We do not understand the law rendering liable the agent who acts for an undisclosed principal has ever been carried to the extent that is here contended. The reason for the rule is that, generally speaking, every contracting party has the right to choose for himself those with whom he deals, and if a party acting for another fails to disclose to the one with whom he deals the fact of his agency, but misleads the party into the belief that he is himself the sole contractor and is acting for himself, then he is estopped

to deny the reality of the assumed character. The party with whom he deals, being led to believe by him that he was dealing with him personally, is on this account permitted to enforce against him any obligation created. In the case at bar there is no contract, the defendant is in no wise misled, and the plaintiff, if the averments of the cross-petition are true, is simply asserting that it owns a cause of action which in fact it does not. So far as we know, the law provides but one remedy for this, and that is the one pleaded in defendant's answer, to-wit, that plaintiff is not the real party in interest. If this can be established, it is a complete defense to the action of the bank, and judgment will put plaintiff out of court and in the costs; but the position taken that, in addition thereto, a national bank could and would incur a liability such as is here sought to be imposed by a proceeding of this character, by its officers or agents, is further than the law will go.

It is not discussed by counsel, but, conceding all that is insisted upon on the part of counsel for plaintiff in error, could a national bank, under any circumstances be rendered liable in a case of this character? If so, it is readily seen that its agents and officers involving it in such a case could subject it to a judgment in an amount sufficient to wipe out its entire capital stock and surplus, thus totally and completely annihilating it. If it was in the power of the officers of this bank to thus subject it to a judgment for $30,000, it could equally be subjected to a judgment for ten times that amount, and this in a cause growing out of a transaction in which it in its ordinary banking business had absolutely naught to do. The mere statement of the proposition, it seems to us, carries its refutation with it. Certainly the legal limitations upon the powers of officers to contract for a bank are such that it could not legally be subjected to a liability of this character. No matter what its officers sought to do in such a proceeding, the law protects the bank itself from such monstrous consequences by denouncing their acts *ultra vires* and void as to it.

Hence the judgment of the trial court is sustained.

All the Justices concur.